UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAUMIK TEWARI,

                        Plaintiff,

        - against -

JPJ VENTURES, LLC,

                        Defendant.
------------------------------------------------------------x

**ORDER**
25-CV-5850 (LDH) (NRM)

NINA R. MORRISON, United States District Judge:

      Plaintiff Saumik Tewari, appearing *pro se,* filed this action pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Plaintiff paid the filing fee to commence this action. This case has been assigned to the Hon. LaShann DeArcy Hall for all purposes, except insofar as the undersigned, as Miscellaneous Duty Judge, has been designated to handle initial scheduling matters and grant any temporary relief as may be just and proper at this time.

      Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

      The Court's records reflect that the Complaint in this action was filed on October 20, 2025. ECF No. 1. Accordingly, if proper service of the Summons and Complaint is not made upon the Defendant by **January 19, 2026**, or if Plaintiff fails

1

to show good cause why such service has not been made, the action may be dismissed without prejudice. After Defendant has been served, Plaintiff must file with the Court proof of service of the Summons and Complaint. Fed. R. Civ. P. 4 (l)(1).

To the extent that Plaintiff seeks a temporary restraining order, the Court denies the request without prejudice. Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. In the Second Circuit, district courts generally may grant preliminary injunctions and temporary restraining orders when the plaintiff shows "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *County of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004)). Further, a temporary restraining order may issue without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The restrictions on the availability of *ex parte* temporary restraining orders imposed by Rule 65(b) are 'stringent.'" *Dolce v. Certified Luxury Motors*, No. 25-CV-2150 (AT) (RWL), 2025 WL 1198833, at *3 (S.D.N.Y. Apr. 11, 2025) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*

*Local No. 70*, 415 U.S. 423, 438–39 (1974)), *report and recommendation adopted*, 2025 WL 1184076 (Apr. 23, 2025).

Here, because Plaintiff has neither provided Defendant with notice of the action nor established that he satisfies the legal requirements to proceed with his motion for a temporary restraining order *ex parte* — that is, without the participation of both parties — the request for a temporary restraining order is denied without prejudice.

Should Plaintiff seek to renew his request for a temporary restraining order after the Defendant has been served, he is advised that he must include, along with the request, a proposed Order to Show Cause for emergency relief.

Plaintiff is required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of Plaintiff's current address means the Court will not know where to contact Plaintiff and may result in dismissal of the case.

For information regarding court procedures, service of process, and motion practice, Plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665 or visit the Court's website at https://www.nyed.uscourts.gov/representing-yourself.  For free, confidential, limited-scope legal assistance, Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

A copy of this Order shall be mailed to Plaintiff at the address of record and the mailing noted on the docket.

SO ORDERED.

>*/s/ Nina R. Morrison*
> NINA R. MORRISON
> United States District Judge

Dated:    October 24, 2025
          Brooklyn, New York